Case number 20-3021, United States of America versus Gregory Lassiter, also known as G. Appellant. Ms. Persico for the appellant, Mr. Gregel for the appellate. Ms. Persico is now unmuted. Good morning. Good morning, your honors. May it please the court, my name is Deborah Persico and I'm here this morning on behalf of the appellant, Gregory Lassiter. I'd like to focus on the first argument in our briefs. And Mr. Lassiter's position is that the district court was not authorized to re-sentence him on the kidnapping conviction after it had vacated the 924C conviction because his initial sentence was not a sentencing package. Meaning that the 924C and the kidnapping sentences were not interdependent and the record of the 2009 sentencing, the initial sentencing does not show that the judge's decision when he varied downward from the kidnapping guidelines had anything to do with the fact that he had to impose a consecutive seven years for the 924C. If we accept his proposition that it was a packaging sentence, do you have a case lift at that point? If you accept the government's proposition that it was a sentencing package. Yeah, which the judge I think said on the record it had been a package, didn't he? Your honor, the judge said at the 2020 sentencing that he recalled. However, the problem is that if you look back at the 2009 sentencing. That's not what I'm asking you though. I'm asking you if we accept that proposition. I know you're saying we shouldn't accept it. Yes, certainly. But if we accept that proposition, do you have a case lift at that point? No, I do not. Okay, that is essential. That is essential. You have to find that there was not a sentencing package. And I'd like to go back to your comment about what the judge said in 2020. Problem is, and our position is that the judge just misrecollected what he had done in 2009. Well, wait, before you say that, can we, let me just, let's assume you're right that we have to find it in the first sentence. This is plain error review. So your burden is pretty heavy. The government points to two things in the record to indicate that the judge, to confirm what the judge said later, namely that this was a package sentence. They point out that at the original sentencing, the judge addressed the defendants collectively before imposing the sentence. And then he referred to the sentence in the singular. Now, those are not the strongest signals. I take that, I give you that, but this is plain error review. And why isn't that enough, particularly since, as Judge Santel pointed out, later at the second sentencing, the judge was very clear in what he had done. Well, at the second sentencing, he said that that's what he had intended 11 years previously. But when you look at the sentencing transcript, the judge's sole focus, and look at all of the defendants' sentences. No, no, no, but what about the two, what about the two points that the government points to in the record here? The two points where they- I mentioned that the judge referred to, he referred to defendants collectively, and he referred to it as a sentence. What he was referring to was the kidnapping sentence. And if you look at the transcript, his sole focus in sentencing each of these defendants was in crafting a proportionate kidnapping sentence that was based on each defendant's conduct during the kidnapping, each defendant's level of cooperation, and each defendant's criminal and personal history. There is not one time in any of those sentencings in 2009, where the judge says, and I will also take into consideration that I'm going to have to add this seven years mandatory minimum. In fact, what he says is that I'm going to create this proportionate sentence on the kidnapping guidelines, and then I'm gonna add seven years. He never connects the 924C sentence with the kidnapping sentence. And the entire discussion at each of the sentencings involves solely the kidnapping conduct, and then each defendant's level of cooperation and their criminal history category. Can we assume, counsel, that when a judge exercises a downward departure for one of the crimes, and let's assume they are related, that the judge is reaching for an overall sentence package. Can we just assume that when there's a downward departure on one of the crimes, and he did depart downward on the kidnapping? Your Honor, no, I don't think that you can assume that. And if you look at Townsend and you look at your Smith case in 2006, you see that the court specifically relied on what was in the record, not simply that there were a number of sentences and it ended up being a certain total sentence. The court has looked at the record to find out what the judge's intent was. So in other words, in the Townsend case, this court pointed out that the record explicitly showed that the judge relied on a sentencing package theory. Does that mean that that becomes a requirement or simply that that was an appropriate way of explaining what happened in that case? Well, I believe that it becomes the standard because not only was that the standard in Townsend, but in Smith, this court repeated that same standard. And it looked at the record and in Smith, the defendant challenged the sentence. And this court said, the record is conspicuously absent any sign of a sentencing package. And so our position is that based on Townsend, based on Smith, that this court has to look at the initial sentencing record. And while the judge may have thought that he did something in 11 years prior, the fact is that when you look at the record, the record does not support that. And- Lasseter's record was dreadful at the time. I mean, he was really a bad character. Yes. And so why would the judge exercise downward departure on the basic crime of kidnapping? Because Mr. Lasseter cooperated and the government told the judge that he was either the first or one of the first people to come in and cooperate. And in addition to that, Mr. Lasseter had a number of mental health issues that the judge took into consideration. Those were the reasons that he departed downward and that Mr. Lasseter still ended up with the highest sentence among all of the co-defendants because his behavior, according to the judge, was the most egregious. That's how he got the downward departure. You wouldn't disagree with that statement about how egregious it was, I'm sure. No, I don't disagree with that. Okay. Okay. Does the court have any further questions? Okay, thank you very much. Thank you. We'll hear from the government. Good morning, Your Honor. And may it please the court, Kyle Griegel on behalf of the United States. Your Honor, Gregory Lasseter received a sentencing package. And for that reason, the district court could, following the vacatur of his 924C count, resentence Lasseter on the predicate offense of federal kidnapping. Lasseter never contested that view during his initial resentencing. And to the contrary, leaned into it, asking affirmatively the district court to take stock of his subsequent rehabilitation in assessing his new sentence. Only now on appeal, after that strategy came up short, has Lasseter changed his position. But the district court did not err, and certainly didn't plainly err in its recollection that a sentencing package was originally appropriate. Our position is that this case is largely resolved simply by an application of this court's prior decision in Townsend, which notes that as a general matter, when sentencing on a multi-count indictment, there is a strong likelihood that a sentencing package is intended, and that that is especially so in cases involving 924C counts. Right, but we still, but Townsend still requires that we find that it was in fact viewed by the judge as a package, right? Just because it's a 924, just because it's a 924 count doesn't mean it's a sentencing package. I think that's correct, Your Honor. The last paragraph- What do you mean you think? That's what Townsend says. Your Honor, the last paragraph of Townsend leaves for another day, the question of what to do with a case where there is no indication in the record, or where there's evidence to the contrary that a sentencing package was intended. But we don't believe the court needs to wade into that particular thing. It says, well, here's what Judge Sentell said. He said, we hold only in that case where the remaining counts are closely related and the judge indicated an intention to do with packaging. So we have to find that in the record. We have to find in the record that the judge in this case, as in Townsend, intended a package sentence, right? In order to stay within the bounds of Townsend, that is correct, Your Honor. I'm only asking you the question because you started by telling us the case was controlled by Townsend, right? Absolutely. Okay, so what I quoted, what's the best evidence you have from the original sentencing that the sentencing judge viewed this as a package? Your Honor, I believe the most persuasive piece of evidence is the side-by-side comparison of the actual sentences received by each individual defendant. I think this is a case where actions speak louder than words. Specifically, Davon Hebron received the single highest kidnapping sentence, of course, setting aside Lassiter. And the only explanation for why that could be the case is that he was the only one of those defendants to not also have a 924 C count. Lassiter attempts to explain that away by noting that Davon Hebron perhaps cooperated less than the other defendants. There's simply no indication in the record to support that that's the case. In fact, on appendix page 148 in the government's sentencing memorandum, the government specifically notes that even accounting for cooperation, Davon Hebron still deserved the lowest overall sentence as compared to Lassiter, or as compared to Lassiter, Cooper, and Deverell Hebron. You said there was another point, there were two points you were gonna make. Oh, absolutely, one other point first. So Lassiter notes that, cites some language indicating that Davon Hebron was especially uncooperative. On appendix page 150, that is as compared to McCauley and Wheeler, who were the two defendants who received 5K1.1 letters. Nobody ever argued that Davon Hebron was less cooperative than Cooper, than Deverell Hebron, and then Lassiter. So setting aside the proportionality, we also think that the district court did make some statements that are fairly strong evidence, which your honor cited. So those are- Go ahead and repeat those, please, for the record. Absolutely, your honor. So one is on appendix page 268, and that's a discussion during Deverell Hebron's sentencing in which the district court referenced the total package, and the number provided included both the kidnapping count and the 924C count. Similarly, on appendix page 333, that's during Cooper's sentencing, the language overall sentence, which is in reference to, again, the combined count. And so there does seem to be affirmative indication- In the first statement you referred to, of those two, the first statement, did the judge use the word package? No, your honor. The word- What did he actually say? I'm sorry, your honor? What did he actually say? Oh, so that, in the initial one for Deverell Hebron, there's a discussion of whether a total sentence of a certain amount there, the number thrown out was 15 years, would be appropriate. We cite that not because the district court affirmatively used the word sentencing package, but because they're indicative of the fact that the district court thought of the total amount of punishment he was assigned. But he did not ever use the word package in the initial sentence. That is correct, your honor. That language doesn't appear until resentencing. Although we would, of course, note that the same is also true in Townsend, and that this court has never required talismanic language in order to apply a sentencing package theory. How much significance do you attribute to the downward departure for Lassiter on the kidnapping? Your honor, we think it's a significant factor. This court in Townsend cited to the 11th Circuit's decision in Watkins discussing the fact that a sentencing package theory is especially likely to apply where the district court goes below the guidelines range. It would be very unusual for these individuals to receive the magnitude of downward variances that they received, but for the fact that the district court was taking stock of those 924C counts also. And certainly, your honor, we'd say it's especially compelling when held side-by-side to Davon Hebron, who did not have one of those 924C counts, and ended up receiving a longer sentence on the kidnapping count than Cooper and then Debra Hebron. That simply could not be explained on any other basis than the 924C count, given their criminal histories and just the substantially greater culpability of the other two co-defendants. Judge Santel, Judge Silberman, any questions? No further. Do you have anything more you'd like to add or are you done? I think that's everything, your honor. Thank you. Okay, thank you. Ms. Persico, I think you've saved a minute or two for rebuttal. Yes, thank you, your honor. Okay, thank you. First off, let's go to Davon Hebron. Mr. Griegel says that there was no indication that he didn't cooperate. In the government's sentencing memo, they say Davon Hebron, who played a significant role, quote, manifested a willingness to participate in murder, quote, steadfastly refused to cooperate and should receive a sentence greater than that of McCauley and Wheeler. That's why Davon Hebron received such a large kidnapping sentence. He did not cooperate. Everyone else had some level of cooperation. For two of the co-defendants, Wheeler and McCauley, the government filed a 5K1.1 letter, but not for Lassiter and Cooper. And I believe it was to Devereux Hebron. So the judge took into consideration everyone's conduct. And he talks about this during the sentencing hearing. The government goes over everything that each defendant did during the kidnapping. And then each defendant's level of cooperation, each defendant's criminal history category. And that's how the judge comes up with the sentence for kidnapping. And again, if you look at each of these transcripts, in Davon's sentencing transcript, the judge says, I look at the broader picture of how all six co-defendants are interrelated. The co-defendants are interrelated in terms of their conduct and their cooperation in shaping a variance. And what he says, practically the same language, this is in our briefs, I've detailed this in our briefs. He says, practically the same language in every other sentence. And not once does he say, and I will also take into consideration the fact that I have to slap on another seven years for 924C. Counsel, let me ask this question. Turning to, focusing on why the judge sentenced the others as they did, there's two possible interpretations. One is that the one who got the highest kidnapping did not have a 924C and he got the highest one because of the 924C question. That's the government's argument. Your argument is, no, no, it's because he didn't cooperate, right? Yes. So there are two possible interpretations. Now, with the scope of review being so limited for plain error, don't we have to take into account the government's position there? Granted, there's two possible interpretations, but if there's two possible interpretations of how he sentenced the others and Lassiter, why, with plain error review, don't we have to accept the government's interpretation? Your Honor, there are not two interpretations if you look at the transcripts and see the progression of how the court sentences each of these defendants. The court's sole focus is on that kidnapping. It's only, the court was only looking at what each defendant did, who had the baseball bat, who had the box cutter, who had the gun, who did what? He was solely focused on the kidnapping. So there aren't two interpretations because at the end, at every sentence, he says, I'm going to consider everything that you did during the kidnapping and come up with a guideline sentence, and then I'm gonna add seven years for the 924C. So our position, again, is that the record is clear, it is plain, and if you follow Townsend and you follow Smith, the original sentence was not a sentencing package, and the judge did not have authority to re-sentence Mr. Lassiter on the kidnapping count. Anything else, Larry? No. Okay. Thank you, Your Honors. Okay. Ms. Persico, you were appointed by the court to represent the defendant. You've done a fine job and we appreciate your assistance. Thank you very much, Your Honor. I appreciate that. May I add, I was enormously impressed with your brief. Yes. Thank you so much. Yes. I second that. I wouldn't say it's a pleasure to have a criminal, which both parties are so well-represented in this day. Thank you very much. I appreciate that, Your Honors.
judges: Tatel, Silberman, Sentelle